UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DASHON HINES,

                Plaintiff,

-against-

KATIE S. BLUM, ESQ., New York State
Division of Human Rights,

                Defendant.

21-CV-5528 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendant violated his rights under the First Amendment to the United States Constitution. By order dated July 20, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). (ECF 1, at 10-11.) For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

    Plaintiff brings this action against Katie Blum, an attorney who works for the New York State Division of Human Rights (NYSDHR), regarding statements she made to Plaintiff during Plaintiff's proceedings in the NYSDHR. Plaintiff previously filed a substantially similar

complaint against unidentified "staff" employed at Blum's NYSDHR office. The Court dismissed that action on June 14, 2021, and directed Plaintiff to show cause by declaration why he should not be barred under 28 U.S.C. § 1651 from filing IFP actions without first receiving permission to do so. *See Hines v. New York State Div. of Human Rights*, ECF 1:21-CV-4629, 3 (S.D.N.Y. June 15, 2021). On July 13, 2021, Plaintiff filed a response to the Court's June 14, 2021, order, but he did not address this Court's instruction that he show cause why he should not be barred.[1]

## DISCUSSION

Plaintiff's claims against Defendant Katie Blum, a government attorney who works for the NYSDHR, must be dismissed because this Defendant is immune from any liability arising from her conduct during the NYSDHR proceedings. See *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) ("As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the [government] in a way that is intimately associated with the judicial process.") (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This doctrine of absolute immunity for government attorneys covers "the functions of a government attorney 'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation' in civil suits—including the defense of such actions." *Id.* (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)).

Here, Plaintiff's claims against Blum are based on actions within the scope of her official duties and associated with the judicial process and conduct of Plaintiff's NYSDHR litigation. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(b)(iii).

---

[1] Plaintiff also filed a notice of appeal. (ECF 4.)

2

## DENIAL OF LEAVE TO AMEND

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011).

Because the defects in Plaintiff's complaint cannot be remedied, the Court declines to grant him leave to amend his complaint.

## CONCLUSION

The complaint, filed IFP under 28 U.S.C. § 1915(a), is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service. (ECF 3.)

SO ORDERED.

Dated:   July 26, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge